UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PATRICK MURPHY, SUZANNE MILLER, and
TOMORROW RUS TODAY, INC. (TRUST), a
Washington corporation,

        Plaintiffs,                          Civil No. 06-1085-ST

      v.                                  O R D E R

PORTLAND POLICE BUREAU, CITY OF
PORTLAND, OFFICER CHRIS
TRAYNOR, and DOES 1-50,

        Defendants.

HAGGERTY, Chief Judge:

      Magistrate Judge Stewart issued a Findings and Recommendation [35] in this action recommending that defendant's Motion to Dismiss Plaintiffs' Complaint [21], construed subsequently as a Motion for Summary Judgment [*see* 29], should be denied and that the allegations of the Amended Complaint filed by plaintiffs on October 20, 2006, should relate back to the date of filing of the original Complaint on July 28, 2006. Objections [36] to portions of

1 -- ORDER

the Findings and Recommendation were filed by defendants.  The matter was then referred to this court for review.

When a party objects to any portion of a Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report.  28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Defendants' objections were filed in a timely manner.  The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendations, the objections, and the entire record.  Magistrate Judge Stewart provided a thorough analysis of the facts and circumstances regarding this litigation, and this analysis need not be repeated in detail here.  This court has considered defendants' objections and concludes that the Findings and Recommendation is sound, correct, and entitled to adoption.

**ANALYSIS**

Defendants contend that the Findings and Recommendation erred in concluding that plaintiffs should be permitted to prosecute claims against a previously "known defendant," the City of Portland, through amendment of their Complaint because the applicable statute of limitations had expired as to the City.  The Federal Rules allow such amendments in cases in which the added party "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against" it.  Fed. R. Civ. P. 15(c)(3).  Defendants assert that there has been no "mistake concerning the identity of the proper party" here, because plaintiffs undeniably "knew the identity of the City of Portland at the time they filed their initial Complaint."  Defts.' Objections at 2.

As noted in part above, the scope of the relevant Federal Rule pertaining to relation back provisions provides that:

> An amendment of a pleading relates back to the date of the original pleading when
>
> * * *
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c)(3).

The Findings and Recommendation addressed the basis of defendants' objections when it acknowledged defendants' contentions that plaintiffs knew that the Portland Police Bureau was distinct from the City. Findings and Recommendation at 9. Contrary to the assertions made in defendants' Objections, the Findings and Recommendation did not "erroneously omit[]" one of Rule 15's factors, however. Defts. Objections at 6. The Findings and Recommendation acknowledged explicitly the "mistaken identity" factor at issue. Findings and Recommendation at 7 ("Finally, the party to be brought in must have known or 'should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.' FRCP 15(c)(3)(B)").

The Findings and Recommendation then proceeded to consider, and reject, defendants' argument that relation back provisions should be inapplicable because plaintiffs cannot be deemed to have erred in attempting to identify the correct name of a defendant. *See* Findings and Recommendation at 9.

3 -- ORDER

After acknowledging each of the factors required for applying federal relation back provisions, the Findings and Recommendation recognized that the "crucial inquiries in this case" pertain to the "nature of the relationship between the City and the Portland Police Bureau, the notice received by the City within the 120 days after the Complaint was filed, and whether any prejudice would result to the City by allowing the amendment to relate back to the date of original filing," not whether plaintiffs must be precluded from amending their Complaint because an obvious distinction between the Police Bureau and the City exists. *Id*.

In other words, the factor defendants' objections rely upon pertains largely to what the party being brought in knew or should have known – that but for a mistake concerning identities in prior pleadings, the party being added would have been already named as a defendant in the suit. This factor weighs, primarily, the degree of prejudice that might arise if a proposed amended complaint were allowed, not the scope or nature of the mistake committed by the amending party.

The Findings and Recommendation proceeded to recognize the obvious "close connection between the City and its Police Bureau," and the "dearth" of any evidence suggesting that the City would be prejudiced if the Amended Complaint were allowed. Findings and Recommendation at 10. This court adopts the Findings and Recommendation's compelling reasoning that under the circumstances presented in this case, the City and the Portland Police Bureau should be deemed to share an identity of interest sufficient to permit the claims against the City in the Amended Complaint to relate back to the filing of the original Complaint against the Portland Police Bureau.

Accordingly, the claims against the City are not time-barred. Defendants' assertions that these relation back provisions should be inapplicable because plaintiffs knew the identity of the City when they filed their original Complaint are unpersuasive. This matter has been subjected to a *de novo* review, and the Magistrate's Findings and Recommendations, the entirety of defendants' objections, and the entire record have been scrutinized. The Findings and Recommendation is sound, correct, and entitled to adoption.

## CONCLUSION

Defendants' objections [36] have been considered and are OVERRULED. The Findings and Recommendation [35] is ADOPTED: defendants' Motion to Dismiss Plaintiffs' Complaint [21] (construed as a Motion for Summary Judgment, [*see* 29]) is denied.

IT IS SO ORDERED.

Dated this  11  day of June, 2007.

                                                               /s/ Ancer L. Haggerty
                                                                    Ancer L. Haggerty
                                                       United States District Judge